UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CHRISTINE MARIE HUNTER,

  *Plaintiff*,

v.                                                   Case No.  SA-22-CV-01099-JKP

COMMISSIONER OF SOCIAL SECU-
RITY,

  *Defendant*.

# O R D E R

Before the Court is Plaintiff's counsel David Chermol's Motion for Attorney Fees Pursuant to the Social Security Act (SSA), 42 U.S.C. § 406(b).[1] *ECF No. 21*. Defendant Commissioner of Social Security Administration responded. *ECF No. 23*. Upon consideration, the Motion is **GRANTED IN PART and DENIED IN PART**.

## Background Facts

On May 9, 2023, this Court granted Defendant's Unopposed Motion to Reverse with Remand for further proceedings before the Social Security Administration, and the Court entered a Final Judgment. *ECF Nos. 14,15,19, 20*. On August 3, 2023, Mr. Chermol, on behalf of Hunter, filed an Unopposed Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"). *ECF No. 16*. Upon review of the Motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, this Court found Hunter was entitled to an award of attorney fees under the EAJA and granted the Motion, awarding $7,882.00, repre-

---

[1] Although Cristine Marie Hunter is the real party in interest, the Motion for Attorney Fees is presented by and on behalf of her counsel, David Chermol.

senting $7,480.00 in attorney fees and $402.00 in costs made payable to Christine Marie Hunter. *ECF No. 15*. Pursuant to the parties' Fee Agreement, Hunter surrendered this award to Mr. Chermol. Mr. Chermol represents to this Court that following remand, the Social Security Administration determined Hunter was disabled and awarded past-due benefits in the amount of $151,710.00. *ECF No. 21*. Pursuant to a Fee Agreement between Hunter and Mr. Chermol, Mr. Chermol was entitled to recover twenty-five percent (25%) of all past due benefits awarded. *ECF No. 21, Exh. B*. Mr. Chermol represents that pursuant to this Fee Agreement, the Social Security Administration sent Hunter 75% of the past-sue-benefits award. Mr. Chermol now files this Motion seeking attorney fees under the Social Security Act (SSA), 42 U.S.C. § 406(b), for his services rendered in this case in the amount of $37,927.50, which represents 25% of Hunter's benefits award. *ECF No. 21 at Exh. A*.

## Discussion

Attorneys who successfully represent claimants in pursuit of Social Security benefits may recover reasonable fees under both the EAJA and 42 U.S.C. § 406(b). *Jackson v. Astrue*, 705 F.3d 527, 529 n.2 (5th Cir. 2013). Under § 406(b), a district court that "renders a judgment favorable to a claimant ... who was represented before the court by an attorney" may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Under the EAJA, plaintiffs, rather than their attorneys, are the true "prevailing parties" who are entitled to EAJA awards. *Astrue v. Ratliff*, 560 U.S. 586, 589–96 (2010). Consequently, under this scheme, fees paid pursuant to § 406(b) are paid directly to the successful claimant's attorney by the Social Security Administration; attorney fees awarded under the EAJA are paid directly to the claimant, who may or may not tender the award to counsel, depending upon these parties'

representation agreement. *Jackson v. Astrue*, 705 F.3d at 531. Therefore, in the event a claimant receives an award for reasonable attorney fees under the EAJA first, and then a court awards the claimant's attorney reasonable attorney fees under § 406(b), the attorney must refund the lesser of the two fee awards to the claimant. *Jackson v. Astrue*, 705 F.3d at 529 n.2 (citing *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002), *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006)); *see also Joann G. v. Kijakazi*, No. 6:20-CV-073, 2023 WL 9600963, at *1 (N.D. Tex. Oct. 2, 2023). In this way, when a claimant and attorney recover reasonable fees under both the EAJA and § 406(b), the claimant receives the award of reasonable attorney fees they are entitled to under the EAJA.

Further, in determination of any attorney fees to be awarded under §406(b), Congress intended § 406(b) to ensure claimants receive competent representation by providing such attorneys with guaranteed ample compensation and to also ensure the benefits for the disabled are not diluted by excessive contingency fees. *Jackson v. Astrue*, 705 F.3d at 529-531. Section 406(b) accomplishes these dueling purposes by limiting attorney fees to 25% of the benefits recovered. *Id*. In addition, while § 406(b) does not displace contingency fee arrangements, a reviewing court must give such agreements primacy, but also independently review such fee agreements to ensure they yield reasonable results. *Gisbrecht v. Barnhart*, 535 U.S. at 807. The requesting attorney bears the burden of showing a fee request under § 406(b) is reasonable, and the district may reduce the requested award for various reasons. *Id.* at 807 n.17, 808; *Moreno v. Kijakazi*, No. 1-21-CV-00814, 2024 WL 1207159, at *1–2 (W.D. Tex. Feb. 28, 2024), report and recommendation adopted, No. 1:21-CV-814, 2024 WL 1200961 (W.D. Tex. Mar. 20, 2024).

**Reasonableness Determination**

Mr. Chermol represents to this Court he seeks negotiated and reasonable fees for time expended in this case in the amount of $37,927.50.

This Court must, first, determine if Mr. Chermol carried his burden of proving the fee he seeks under § 406(b) of a total of $37,927.50 is reasonable. *Gisbrecht*, 535 U.S. at 807 n. 17. Courts look to a number of non-exhaustive factors to determine whether proposed attorney fees are reasonable, including the existence of a contingency fee agreement, the risk of loss the attorney assumed, the experience and quality of the attorney, whether the attorney caused any unnecessary delay, and the resulting hourly rate. *Jeter v. Astrue*, 622 F.3d 371, 377 (5th Cir. 2010). No one factor is dispositive, and a court may not rely exclusively on the resulting hourly rate in determining the reasonableness of the requested fee. *Id*.

Guided by these factors, the Court finds the fee requested by Mr. Chermol of $37,927.50, though a large amount, is reasonable compensation for time spent in this case. First, Hunter executed a contingency fee agreement with Mr. Chermol which set contingency compensation at 25% of any recovery of past-due benefits. *ECF No. 16, Exh. B*. This common fee arrangement falls within the statutory cap. 42 U.S.C. § 406(b)(1)(A). Operating under this contingency fee arrangement, Mr. Chermol assumed the risk that no benefits would be awarded. The Court notes that based upon Mr. Chermol's representation to this Court, he holds considerable experience in the field, having litigated numerous cases in his 25 years of practice. *ECF No. 16, Exh. C*. Nothing indicates Mr. Chermol caused any protracted or unnecessary delay in the proceedings.

Based upon consideration of these factors, the Court finds the requested award of attorney fees in the amount of $37,927.50 is reasonable.

**Viability of Proposed Offset Payment**

Next, Mr. Chermol suggests that in making this payment under §406(b), the Social Security Administration subtract from the $37,927.50, the amount of attorney fees this Court already awarded under the EAJA, that is, $7,480.00. This offset would result in an amount to be paid to Mr. Chermol by the Social Security Administration under § 406(b) of $30,447.50. It is presumed Mr. Chermol proposes this net-offset payment in the interest of efficiency. It is also presumed that, due to this proposed offset of the EAJA fees in the payment amount, the Motion does not state that upon his receipt of the fees awarded under § 406(b), Mr. Chermol will refund to Hunter the EAJA fees previously awarded to her.

This Court finds the proposed offset payment amount suggested by Mr. Chermol to be contrary to the purpose and direction of the EAJA and § 406(b) and in conflict with the Fifth Circuit's direction in *Jackson v. Astrue*. *Jackson v. Astrue*, 705 F.3d at 529 n.2 (citing *Gisbrecht v. Barnhart,* 535 U.S. at 796). Pursuant to § 406(b), Mr. Chermol's total award of attorney fees is limited to 25% of the past due benefits awarded by the Social Security Administration, that is, $30,447.50. This amount is to be paid to Mr. Chermol directly by the Social Security Administration. Thus, an offset payment would comply with the statutory cap of 25% of the past due benefits awarded to Hunter, that is, Mr. Chermol would receive the amount he requests and is entitled. However, such a payment method would result in a shortfall to Hunter.

Pursuant to the past-due-benefits award and the Fee Agreement, the Social Security Administration is obligated to pay directly to Mr. Chermol the amount of $37,927.50 as his contractual entitlement of Hunter's awarded social security benefits award. Under this proposed offset payment, the Social Security Administration will pay only $30,447.50. Thus, the amount of the

attorney fees awarded under the EAJA fees for the benefit of Hunter, that is $7,480, would actually fall to, and benefit, the Social Security Administration. Further, this offset amount does not account for the expenses of $402 that Hunter surrendered to Mr. Chermol.

Consistent with the statutory direction of both the EAJA and § 406(b), the Court finds it is more appropriate for the Court to award reasonable attorney fees under § 406(b) to be paid by the Social Security Administration directly to Mr. Chermol in the amount of $37,927.50. Mr. Chermol shall reimburse to Hunter the $7,882.00 in attorney fees and costs previously awarded to her under the EAJA and assigned to him. *See Gisbrecht*, 535 U.S. at 796; *Jackson v. Astrue*, 705 F.3d 527, 530.

## Conclusion

Pursuant to this conclusion, the Court **GRANTS IN PART and DENIES IN PART** the Motion for Attorney Fees. *ECF No. 16*. The Court **GRANTS** Mr. Chermol's requested award of attorney fees in the amount of $37,927.50. However, the Court **DENIES** the Motion for Attorney Fees to the extent Mr. Chermol proposes payment to him by the Social Security Administration of only $30,447.50, that is, subtracting from this award of attorney fees the amount of EAJA fees he already received.

Mr. Chermol is ORDERED to refund to Hunter the sum of $7,882.00 by no later than seven days after receipt of this payment from the Social Security Administration.

It is also ORDERED that at the same time he provides Hunter a refund of the EAJA attorney fees, Mr. Chermol shall file an advisory showing this Court his payment to her of this refund.

It is so ORDERED.
SIGNED this 10th day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE